<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| KEITH BROWN, | : |
| Plaintiff, | : |
|  | : Civ. No. 08-3382 (GEB) |
| v. | : |
|  | : **FINDINGS OF FACT** |
| UNITED STATES OF AMERICA, | : **AND CONCLUSIONS OF LAW** |
| Defendant. | : |

**<u>BROWN, Chief Judge</u>**

This matter comes before the Court upon the complaint of Plaintiff Keith Brown ("Brown"), that alleges Defendant the United States of America (the "Government") acted negligently and proximately caused injuries to Brown. The Court has jurisdiction pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1). The Court conducted a non-jury trial on March 4, 2010, and had the opportunity to observe the manner and demeanor of the witnesses and to assess their credibility. *See United States v. $33,500 in U.S. Currency*, No. 86-3348, 1998 U.S. Dist. LEXIS 19475, at *2 (D.N.J. Aug. 17, 1988). Before trial commenced, both parties submitted a trial brief, and the Government also submitted proposed findings of fact. (Doc. Nos. 22-25.) This memorandum opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Civil Procedure 52(a).[1] For the reasons that follow, the Court finds for the Government and against Brown on all of the claims in Brown's complaint.

---

[1] Hereafter, to the extent that any findings of fact might constitute conclusions of law, they are adopted as such. Conversely, to the extent that any conclusions of law constitute findings of fact, they are adopted as such.

I.      **FINDINGS OF FACT**

This is a personal injury case that arises from a pedestrian motor vehicle accident that occurred on November 9, 2005, at approximately 6:30 p.m., in the City of Newark, State of New Jersey. When the accident occurred it was dark and raining heavily. Brown was crossing Sanford Avenue as a pedestrian. There was heavy motor and pedestrian traffic in the area at the time. As Brown crossed Sanford Avenue, he and a motor vehicle collided. The motor vehicle in question, a 2005 Nissan Murano ("Murano"), was being driven by Newark Police Detective Armando DaSilva ("Det. DaSilva").

At the time of the accident, Det. DaSilva was pursuing official Government business in conjunction with his assignment to the Federal Bureau of Investigation's Joint Task Force. Det. DaSilva was being followed by Essex County Prosecutor's Office Detective Paul Sarabando ("Det. Sarabondo") and Federal Bureau of Investigation Special Agent Gary Adler ("Agent Adler") in another vehicle. Prior to the accident, both cars were traveling west on South Orange Avenue when they stopped at a red traffic light at the intersection of Sanford Avenue. The cars were in the left hand turn lane. The Murano's headlights and windshield wipers were on. When the left hand turn arrow was green, Det. DaSilva proceeded to slowly and cautiously turn onto Sanford Avenue at approximately five miles per hour. Shortly thereafter, Brown and the Nissan Murano driven by Det. DaSilva collided on Sanford Avenue as Det. DaSilva was completing his left hand turn.

At trial, Brown testified that at the time of the accident, he was proceeding lawfully across Sanford Avenue in the designated crosswalk and was wearing a light colored sweatshirt or jacket when he was struck by the Murano. Conversely, at trial, the Government presented three

witnesses whose testimony contradicted Brown's sworn rendition of the accident in several material respects.  First, Det. Sarabondo, who was driving the car immediately behind the Murano, testified that Brown ran into Sanford Avenue from behind a bus and outside of the designated crosswalk.  Det. Sarabondo further testified that Brown ran into the front left (or driver's side) quarter-panel of the Murano, rolled over the hood, and landed on Sanford Avenue some 10-15 feet from the crosswalk.  Second, Special Agent Adler, who was a passenger in the car driven by Det. Sarabondo, also testified that Brown ran into Sanford Avenue from behind a bus and collided with the Murano's front-left quarter-panel.  Special Agent Adler further testified that after observing the collision, he stated to Det. Sarabondo, "that guy [Brown] just ran into Armando's [DaSilva] car."  Additionally, Special Agent Adler testified that as Brown ran across Sanford Avenue, he was wearing dark clothing and had a black umbrella.  Third, Det. DaSilva, the driver of the Murano, testified that before commencing his left hand turn, he surveyed the intersection for pedestrians.  Det. DaSilva testified that he did not see Brown until after the Murano had passed through the crosswalk onto Sanford Avenue and Brown collided with the front left quarter-panel of the Murano.

     The Court finds that Brown entered onto Sanford Avenue outside the crosswalk and ran between vehicles, including a bus, that were proceeding north on Sanford Avenue.  As he entered the street, Brown emerged from behind other vehicles while wearing dark clothing.  Det. DaSilva did not see Brown until Brown's body hit the side of his vehicle.  Brown ran into the left side of the Murano near the front wheel and then rolled over the hood of the car before falling to the front and right side of the vehicle.   The accident did not cause any damage to the Murano.

     After the accident occurred, Det. DaSilva and Det. Sarabando stopped their vehicles and

attended to Brown who was on the ground.  An ambulance was called and came to the scene within minutes.  Brown was transported to University Hospital in Newark, New Jersey, where he was examined, treated, x-rayed, and released later that night as an outpatient with further instructions.

## II.     CREDIBILITY DETERMINATIONS

The findings of fact set forth above are based upon the written submissions of the parties and the evidence produced at the March 4, 2010 trial.  The Court, having had the opportunity to evaluate all the evidence and the credibility of all the witnesses, observe their demeanor as they testified, consider their respective interests and the extent to which their testimony has been supported or contradicted by other credible evidence, finds the testimony of the following witnesses credible: (1) Detective Sarabando; (2) Special Agent Adler; and (3) Det. DaSilva.  This finding is based upon: (1) the consistency of these witnesses' testimony regarding the events surrounding the accident; (2) these witnesses' demeanor and manner of testifying; and (3) these witnesses' apparent lack of personal interest in the outcome of this trial.

Conversely, the Court does not find Plaintiff Keith Brown credible.  This finding is based upon: (1) the numerous material inconsistencies throughout Brown's testimony and his various submissions regarding the events surrounding the accident; (2) Brown's demeanor during his testimony; and (3) Brown's clear personal interest in the outcome of this trial.  Thus, as noted above, to the extent Brown's testimony differs from that given by those credible witnesses, the Court does not find Brown's testimony credible.

Additionally, there were inconsistences in the various experts' reports submitted that address the extent of Brown's injuries resulting from the accident.  Brown's experts submitted

reports into evidence finding the accident caused permanent injuries that affect Brown's everyday life.  (Pl. Exhibit P6 Narrative report Gary Bozian, D.C. p. 3-5; Pl. Exhibit P7 Narrative report Alan Schultz, M.D. p 5; Pl. Exhibit P10 Narrative report Steven Nehmer, M.D. p. 2)  Conversely, the Government's experts found that Brown does not suffer from any permanent injuries resulting from the accident, but has made a full recovery which allows him to participate in all normal daily activities of a man his age.  (Def. Facts; Expert Report Howard L. Blank M.D Def. Exhibit M. p. 4-5; Def. Exhibit K Expert Report David A. Marks, M.D. p. 5-6.)  Having considered the weight of the evidence submitted and the various parties' respective interests, the Court finds the Government's experts credible, and to the extent that Brown's experts' opinions differ from the Government's experts, the Court does not credit Brown's experts' opinions.

### III.   CONCLUSIONS OF LAW

In their post trial briefs, the parties identify and argue the following three key questions presented by this case: (1) whether the Government breached a duty it owed to Brown; (2) the extent of Brown's injuries/damages; and (3) whether Brown was contributorily negligent.  The Court will discuss each question in turn below.

#### A.   Whether the Government Breached a Duty it Owed to Brown

Brown argues the Government breached a duty it owed to him when Det. DaSilva failed to yield to a pedestrian crossing the street in a crosswalk with a green signal to proceed.  The Government, on the other hand, argues that under the circumstances of the case it breached no duty to Brown because Det. DaSilva exercised due and reasonable care.  The Court agrees with the Government for the reasons that follow.

To prevail on a negligence claim under New Jersey law, a plaintiff must establish the

following four elements: (1) duty of care; (2) breach of duty; (3) proximate cause; and (4) actual damages. *Weinberg v. Dinger*, 106 N.J. 469, 484 (1987). Here, Brown argues the Government violated the duty of care created by New Jersey statutes. Under New Jersey law, a pedestrian crossing an intersection on a "Go" signal has the right of way over all vehicles, and no vehicle shall fail to yield to him. N.J.S.A 39:4-32. Also, the driver of a vehicle shall yield the right-of-way to a pedestrian crossing the roadway within a marked or unmarked crosswalk. N.J.S.A. 39:4-36.[2] However, a pedestrian is not relieved from using due care for his safety. *Id.* No pedestrian shall suddenly leave a curb or other place of safety and walk or run into the path of a vehicle which is so close that it is impossible for the driver to yield. *Id.*

In the present case, the Government had the duty to use reasonable care while driving and to yield to pedestrians when making a left hand turn. The facts establish that at the time of the accident it was dark and raining heavily. The intersection where the accident occurred was busy with pedestrian and motor vehicle traffic. While waiting to make a left hand turn onto Sanford Avenue, Det. DaSilva had the Murano's headlights and windsheild wipers on, and actively scanned the intersection for pedestrians. When the left hand turn signal was green, Det. DaSilva slowly and cautiously made a left hand turn onto Sanford Avenue at approximately five miles per hour. Brown argues that he was crossing the street in the crosswalk pursuant to a green signal when Det. DaSilva turned. The court concludes, however, that Brown has failed to prove by a preponderance of the evidence that he was in the crosswalk at the time of the accident. Instead, the Government presented credible evidence that Brown was not in the crosswalk when Det.

---

[2] The Court notes that Brown erroneously cites to this statute as N.J.S.A. 39:4-35 in his pre-trial brief. (Brown Pre-Trial Br. at p. 4; Doc. No. 24.)

DaSilva turned his vehicle. Rather, Brown ran out into the street from behind a bus after Det. DaSilva had already turned. Thus, the evidence shows that Brown ran into the path of Det. DaSilva's vehicle in a manner that made it impossible for Det. DaSilva to yield. As a result, Brown collided with the left front quarter-panel of the Murano near the front wheel. Because it was impossible for Det. DaSilva to yield and Brown was not in the crosswalk, the Court finds that the Government acted reasonably when it made a lawful left had turn onto Sanford Avenue. Because the Government acted reasonably, the Court finds that it did not breach the duty of care it owed to Brown. Brown's claims fail on this independent basis.

  **B.**  **The Extent of Brown's Injuries/Damages**

The Government argues that even if the Government breached its duty to Brown, the damages awarded to him should be minimal because the injuries resulting from the accident were minor and healed shortly after the accident. In response to this argument, Brown asserts that his injuries are permanent and he is entitled to compensation for pain and suffering as well as loss of enjoyment of his life. The Court agrees with the Government for the following reasons.

In a negligence case, the plaintiff has the burden of proving all elements of his cause of action, including damages based on a pre-existing condition or subsequent injury. *O'Brien (Newark) Cogeneration, Inc. v. Automatic Sprinkler Corp. of Am.*, 361 N.J. Super 264, 274, 825 A.2d 524, 530 (N.J. Super. Ct. App. Div. 2003); *Tisdale v. Fields*, 183 N.J. Super. 8, 10-11, 443 A.2d 211, 212 (N.J. Super. Ct. App. Div. 1982). The facts establish that following the accident, Brown was transported by ambulance to the University Hospital emergency room where he was diagnosed with fractures of the transverse processes from L1 through L3 before he was released the same night as an outpatient. Brown contends that he also sustained various other injuries as a

result of the accident and submitted expert reports in support of this argument. The Government also submitted expert reports which concluded that the only injures caused by the accident were those Brown was treated for in the emergency room, and all of Brown's other claimed injuries are either non-existent or caused by other means. The Court concludes that the Government's expert report is more credible, and therefore finds that the only injuries Brown is eligible to recover for are the fractures of the transverse process from L1 though L3. However, according to the Government's expert report, which the Court finds credible, the transverse process fractures normally heal in about eight to twelve weeks, and there is no evidence Brown has sustained any permanent injuries or suffered pain proximately caused by the accident. Therefore because Brown has not met his burden of proof to establish the existence of permanent injuries he cannot recover for pain and suffering or loss of enjoyment of life. Brown's claims fail on this independent basis.

      **C.    Whether Brown Was Contributorily Negligent**

The Government argues that Brown's claims are barred under New Jersey's contributory negligence statute because Brown's own conduct on November 9, 2005, was negligent and was more than fifty percent responsible for causing the accident. Conversely, Brown argues he was not contributorily negligent. The Court agrees with the Government for the reasons that follow.

Under New Jersey law, recovery for injuries is barred when the negligence of the person against whom recovery is sought is less than the negligence of the person seeking recovery. N.J.S.A. 2A:15-5.1. As established above, pedestrians have a duty of due care to look out for their own safety. N.J.S.A. 39:4-36.

In this case, the Court has found that the Government was not negligent. Rather, the

accident occurred when Brown attempted to cross Sanford Avenue outside the pedestrian crosswalk on a rainy night while wearing dark clothing. By entering the busy intersection contrary to traffic laws and failing to cautiously look for oncoming traffic, Brown exposed himself to an unreasonable risk of physical injury. Because Brown failed to act reasonably and look out for his own safety when he entered Sanford Avenue, the Court finds Brown acted negligently. Furthermore, only Brown was in a position to avoid the accident by using due care when crossing the street. Therefore, the Court finds that Brown's negligence was the primary cause of the accident, and thus, Brown is barred from recovery under New Jersey law. Brown's claims fail on this independent basis.

### D. Motions *In Limine*

Prior to trial, each party made one motion *in limine*. Brown moved to preclude any mention of his criminal record or incarceration. The Government moved to exclude the New Jersey Police Accident Report and the police officer's opinions and conclusions that are based on hearsay. The Court reserved on those motions before trial, and now denies both. First, the Court concludes that Brown's motion *in limine* should be denied because evidence of the medical treatment Brown did or did not receive while incarcerated after the accident is relevant and admissible. The Court does not consider any evidence concerning Brown's incarceration or criminal record for any other purpose. Second, the Court concludes that the Government's motion *in limine* should be denied as the report is admissible. However, because the officer's observations were made after the fact and the officer was not qualified as an expert at trial, the Court placed no weight on either the accident report or the officer's conclusions.

### III. CONCLUSION

For the reasons noted above, the Court finds for the Government and against Brown on all of the claims contained in Brown's complaint. Additionally, the Court will deny both parties' outstanding motions *in limine*. In light of these decisions, this case shall be closed. An appropriate form of order accompanies this memorandum opinion.

Dated: June 25, 2010

                                                                    /s/ Garrett E. Brown, Jr.
                                                 GARRETT E. BROWN, JR., U.S.D.J.